IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET FOREMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 3:16-CV-1967-G-BK |
| | § | |
| FLAGSTAR BANK FSB, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMEDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the district judge's *Standing Order of Reference*, Doc. 13, this case was referred to the magistrate judge for pretrial management. The Court now considers Defendant's *Motion for Summary Judgment*. Doc. 10. For the reasons that follow, the motion should be **GRANTED**.

**A. Procedural History**

Plaintiff filed this action in state court seeking to avoid an impending foreclosure sale on his residence. He asserted that Defendant had (1) violated federal regulations and the Real Estate Settlement Procedures Act ("RESPA") by failing to timely review his loan modification request and then impermissibly initiated a foreclosure proceeding; and (2) violated Texas statutory law by failing to timely and properly give him the legally required notice of the foreclosure sale. Doc. 1-1 at 8-11. Plaintiff sought damages as well as a declaratory judgment that Defendant had violated the laws in question. Doc. 1-1 at 11-12.

Defendant removed the action to this Court and filed its *Motion for Summary Judgment* on September 19, 2016. Doc. 1; Doc. 10. Plaintiff, who was then represented by legal counsel, was required to file his response, if he opposed the relief requested, by November 7, 2016, but he did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions).

And on September 22, 2016, Plaintiff's counsel was permitted to withdraw from the case. Doc. 11; Doc. 12.

Due to Plaintiff's failure to respond to Defendant's motion, the Court ordered Plaintiff to respond by November 7, 2016, if he was opposed to the dismissal of his case, and warned him that if he failed to respond, he risked the dismissal of his case pursuant to Defendant's motion and/or for failure to prosecute. Doc. 14. That deadline has now passed, and Plaintiff did not respond as ordered. The Court now undertakes consideration of the dispositive motion.

### B. Undisputed Facts

In support of their motion for summary judgment, Defendants have submitted documentation demonstrating the following: In July 2009, Plaintiff and his wife executed a Texas Home Equity Note (the "Note") and a Texas Home Equity Security Instrument (the "Deed of Trust") encumbering the property located at 6217 Bryan Parkway, Dallas, Texas 75214 (the "Property"). Doc. 10-2 at 2-4; Doc. 10-3 at 2-17. Defendant is in possession of the Note. In April 2012, the Deed of Trust was assigned from the original lender to Defendant. Doc. 10-4 at 2. Plaintiff failed to make the mortgage payment due on December 1, 2014, and all payments that were due thereafter. Doc. 10-6 at 3-4, 9-10. As of September 12, 2016, the total amount due on the loan was $418,120.32. Doc. 10-5 at 2.

As a result of Plaintiff's default, in February 2015, Defendant sent him a notice of default and intent to accelerate by certified mail. Doc. 10-6 at 14-15. In May 2015, Defendant's foreclosure counsel sent Plaintiff a notice of acceleration via certified mail. Doc. 10-7 at 2-4. In December 2015, Plaintiff submitted to Defendant an application for a loan modification. Doc. 1-1 at 6. In January 2016, Defendant informed Plaintiff in writing that he was ineligible for a loan modification and provided the reasons therefore. Doc. 10-8 at 3-5. The denial letter included a loan modification appeal form explaining how to file an appeal and the deadline for doing so. Doc. 10-8 at 7.

Plaintiff submitted another loan modification application in April 2016, but was informed that same month that his application was incomplete due to missing documentation. Doc. 10-9 at 1-4. Although Plaintiff claims in his unverified complaint that he sent Defendant additional supporting documentation, Doc. 1-1 at 7, an employee of Defendant avers in a sworn affidavit that Defendant did not receive all of the items required for the review, Doc. 10-1 at 4. As of September 2016, no foreclosure sale of the Property has taken place. Doc. 10-1 at 4.

### C. Applicable Law

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Plaintiff's pleadings are not verified and, therefore, he has presented no summary judgment evidence. Accordingly, the court accepts Defendant's evidence of the facts as undisputed.

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all

3

facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

    **D. Analysis**

    *1. RESPA Claim*

Plaintiff contends in his complaint that Defendant violated 12 C.F.R. § 1024.1 and 12 U.S.C. § 2605(f) of RESPA by failing to provide him with a written notice of decision regarding either of his loan modification applications. Doc. 1-1 at 8-9. Defendant asserts that this claim fails as a matter of law because it: (1) timely informed Plaintiff in writing that his first loan modification application had been denied; (2) informed Plaintiff about his right to appeal; and (3) informed Plaintiff in writing that he needed to submit additional documentation to support his second loan modification application. Doc. 10 at 6-8.

Section 1024.41(c) provides in relevant part that if a loan servicer timely receives a complete loss mitigation application, it must evaluate the borrower for all available loss mitigation options. Moreover, within 30 days of the loan servicer's receipt of a complete loss modification application, it must provide the borrower with (1) written notice of which loss mitigation options, if any, it will extend to the borrower; (2) notice of the time the borrower has to accept or reject the borrower's offer; and (3) notice that the borrower has the right to appeal the denial of any loss mitigation

application; and (4) information about how long the borrower has to file an appeal. 12 C.F.R. § 1024.1 (c)(1).

The undisputed evidence of record as recounted above indicates that Defendant fully complied with these provisions. Specifically, Plaintiff submitted an application for a loan modification, which Defendant received in December 2015. Doc. 1-1 at 6. On January 22, 2016, Defendant informed Plaintiff in writing that he was ineligible for a loan modification and provided the reasons why. Doc. 10-8 at 3-5. The letter informed Plaintiff of his right to appeal and deadline for doing so, and also included a loan modification appeal form. Doc. 10-8 at 4-7. Plaintiff submitted another modification application on April 13, 2016 and was informed on April 15, 2016 that his loan modification application was incomplete due to missing documentation. Doc. 1-1 at 7; Doc. 10-1 at 4; Doc. 10-9 at 1-4. Defendant never received all of the requested documentation. Doc. 10-1 at 4. In light of these undisputed facts, Defendant is entitled to summary judgment on Plaintiff's RESPA claim.

   *2. Texas Property Code*

Plaintiff urged in his complaint that Defendant was not entitled to foreclose on the Property because it violated Texas Property Code section 51.002 when he was not notified of the date on which the foreclosure sale of the Property was to take place. Doc. 1-1 at 10-11.

Section 51.002(b) provides that a borrower must be notified in writing at least 21 days before a foreclosure sale is to take place. The section further specifies that the notice must be served by certified mail to each borrower. TEX. PROP. CODE § 51.002(b)(3). While Plaintiff claims not to have received the required notice, the statute provides only that the notice be served by certified mail, not that the borrower actually received the notice. *Id.* In any event, it is undisputed that the foreclosure sale had not yet taken place when Plaintiff filed his complaint. Doc. 10-1 at 4 (affidavit of Defendant's representative stating that, as of September 2016, the foreclosure sale of the Property had not occurred). In light of these undisputed facts, no violation of section 51.002(b)(3) has occurred.

*3. Declaratory Judgment*

When a state petition seeking declaratory relief is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011) (Fitzwater, J.). That act provides that a federal court may declare the rights and legal relations of any interested party. *See* 28 U.S.C. § 2201(a). However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In other words, a declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law. *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).

In the instant case, because Plaintiff did not assert a plausible substantive claim in his complaint, he is not entitled to relief under the Declaratory Judgment Act. *See Marban v. PNC Mortg.*, No. 12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. July 3, 2013) (Lynn, J.) (declining to entertain plaintiffs' request for a declaratory judgment when they had not pleaded a plausible substantive claim). Consequently, Plaintiff has failed to state a claim upon which relief can be granted and his declaratory relief claim should be dismissed.

**E. Conclusion**

For the foregoing reasons, it is recommended that Defendant's *Motion for Summary Judgment*, Doc. 10, be **GRANTED** and all of Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 23, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE